PEPPER

Kasey R. Mareno
4120 S Lake Dr. Unit 455
Saint Francis, WI 53235
kaseymareno@gmail.com

STEPHEN C. DRIES
U.S. MAGISTRATE JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
**Milwaukee Federal Building & US Courthouse**
**517 E. Wisconsin Ave.**
**Milwaukee, WI. 53202**

| | | |
|---|---|---|
| **KASEY R. MARENO,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **Civil Action No.** 21-C-1165 |
| | : | |
| **Lloyd J. Austin, III, Secretary,** | | |
| **U.S. DEPARTMENT OF DEFENSE,** | : | |
| | : | **Bench Decision Requested** |
| **Defendant.** | : | |
| | : | |

### COMPLAINT

### PRELIMINARY STATEMENT

This is an employment-related action for violations of the Plaintiff's rights granted under

the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title

VII"). Plaintiff was discriminated and retaliated against based on her sex and her prior

protected EEO activities when she was harassed sexually and non-sexually and disparately

treated in terms and conditions of her employment.

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964,

as codified, 42 U. S. C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

1

2. The unlawful employment practices alleged below were committed and/or executed by supervisory personnel of Defense Contract Management Agency ("the employer"). The claims arise from events that took place between 2014 and 2019 on an ongoing and continuous basis in the facility located in Milwaukee, Wisconsin. Accordingly, venue lies in the United States District Court for the Wisconsin District.

## PARTIES

3. The pro se Plaintiff, Kasey R. Mareno, is an adult individual who has a mailing address of 4120 S Lake Dr. #455, Saint Francis, WI 53235. Her email is: kaseymareno@gmail.com.

4. The Defendant, Lloyd J. Austin, III, is Secretary at U.S. Department of Defense, which is headquartered at 1000 Defense Pentagon, Washington, DC. 20301-1000.

5. At all relevant times, Charles M. Guedel was Supervisory Quality Assurance Specialist, NH-1910-IV, Quality Assurance West Group Leader, DCMA, East Region, Navy Special Emphasis Operations (NSEO), QA West Operations, Department of Defense, Milwaukee, Wisconsin. He was Plaintiff's second level supervisor.

6. At all relevant times, Scott L. Jaklin was Quality Assurance Supervisor, 1910, NH-03, DCMA Contract Management Office (CMO), NSEO, DoD, Milwaukee, Wisconsin. He was Plaintiff's first level supervisor.

7. The U.S. Department of Defense engages in commerce for the purposes of Title VII of Civil Rights Act of 1964 and qualifies as an employer within the meaning of the statute and regulations at issue in this case.

2

## STATEMENT OF FACTS

8.     The pro se Plaintiff, Kasey R. Mareno, is Female.

9.     Since July, 2013 Plaintiff has been employed by Defendant in the capacity of Quality Assurance Representative, GS-1910-12, DCMA Contract Management Office (CMO), NSEO, DoD, Milwaukee, Wisconsin.

10.    In 1992 and1996 Plaintiff was a victim of military sexual trauma in the military. As result she acquired Post Traumatic Stress Disorder (PTSD).

11.    In December 2019, Plaintiff's first level supervisor, Scott Jaklin, was arrested for disorderly conduct.

*Plaintiff's Prior Protected Activities*

12.    In October 2016 Plaintiff told her first level supervisor Scott Jaklin (during a performance review meeting) not to disparage her sex and other women's sex and not to say such as: "It's because Kasey's a women that this or that happened."   Plaintiff also told Jaklin not to show any more porn pictures on his phone or tell sex jokes and other demeaning remarks against women or referring to women.   Retaliation ensued immediately afterwards, as listed below.

13.    On December 20, 2018 Plaintiff reported to her second level supervisor, Charles Guedel, about her first level supervisor Scott Jaklin's sexual harassment and creating sexually hostile work environment (as described below) to no avail.   Instead, retaliation ensued immediately.   No investigation was conducted.

14.    On February 5, 2019 at 12:07 PM and at 6:02 PM Plaintiff reported to Charles Guedel about Scott Jaklin's sexual harassment and about Plaintiff's fear of Jaklin to no avail.

3

15. On February 17, 2019 Plaintiff reported to CAPT Dana F. Simon about Scott Jaklin's sexual harassment, who required Jaklin to communicate to Plaintiff only via email but failed to investigate, while deferring investigation to the EEO office.

16. On March 8, 2019 Plaintiff reported to Robert C. Kennedy about retaliation and sexual harassment. Kennedy failed to investigate, while deferring investigation to the EEO office.

17. On March 8, 2019 Plaintiff reported to Dr. Clinton M. Covert about Scott Jaklin's sexual harassment. There was no response.

*Particulars of Allegations*

**The Plaintiff alleges that based on her sex, Female, and based on her prior protected EEO activities (as specified above), she was discriminated and retaliated against on an ongoing and continuous basis when:**

18. On April 15, 2014 Scott Jaklin, Plaintiff's first level supervisor, showed Plaintiff a picture of Neapolitan Ice cream with two fingers in the strawberry ice cream and one in the chocolate ice cream, stating and laughing: "two in the pink and one in the stink," implying two fingers in a vagina and one in an anus.

    a. Frank Mareno (not yet Plaintiff's husband) witnessed this incident.

19. In May 2014 during a First Live Supervisory Review (FLSR) Scott Jaklin made a remark to Plaintiff that she should get her "plumbing" checked out to make sure everything is working, as he gestured to the abdominal area of her body.

4

20. In June 2014 in Plaintiff's presence Scott Jaklin commented on a Keystone Intern, Erin Krutke's look, saying that she was getting fat, that she was busting out of her jeans, and that she had a fat ass.

21. In October 2014 Scott Jaklin lied to Plaintiff and to Brenda Szymuszkiewicz, Plaintiff's hostile co-worker, saying to Plaintiff that Brenda canceled the reconciliation meeting scheduled for both to attend and to Brenda that Plaintiff canceled the meeting. This resulted in both Plaintiff and Brenda not speaking for two years thereafter.

    a. Patrick Keefe (co-worker) witnessed this event.

22. On June 22, 2016 Plaintiff was removed from the assigned contractor (Johnson Brass and Machine) by email from Scott Jaklin, FLS and was told not to inspect the dimensions on a contract she was currently working on. Plaintiff was told to turn all work over to Steve Welch.

23. On July 12, 2016 (during a mid-term performance review), on August 3, 2016 (during a First-Line Supervisor Review), on October 31, 2016 (during FLSR), and on July 31, 2017 (during FLSR) in Plaintiff's presence Scott Jaklin used the term "cunty" to describe the following women one time or another: Mary Jane Costa (GS-14), Brenda Szymuszkiewicz (GS-12), his step-daughter Laura LNU. He referred to Laura as "cuntish."

    a. Frank Mareno witnessed this incident.

    b. Eugene Short witnessed this incident.

24. During the same dates specified above in the aforementioned meetings Scott Jaklin commented on the following African-American women, saying, "they have to be treated special because of...," as he took his finger and rubbed his skin: Eugene Short (GS-13), Tiara

5

Varner (GS-12), and Jennifer Johnson (GS-12). Varner and Johnson transferred to another Team.

25. On July 24, 2017 Scott Jaklin called Plaintiff while she was in her doctor's office, as he had done on 4 prior occasions.

26. On July 25, 2017 Scott Jaklin altered the existing policy and required Plaintiff to enter any sick leave longer than 2 hours on the EXTBA Team Calendar. The policy was to do so for any sick leave lasting more than 4 hours. Enter sick leave on the EXTBA Team Calendar violates Plaintiff's privacy.

27. On November 2, 2017 Scott Jaklin questioned Plaintiff for detail information as to how long she stayed in women's bathroom, why she did not reviewed VTC prior to going to the bathroom. He even stated: "Why couldn't you go to the bathroom during the Vice Admiral's briefing?" "What were you doing in there for ten minutes?" "You are the only person that hasn't emailed me back [regarding VTC review]."

28. On November 2, 2017, in Frank Mareno's presence, Scott Jaklin threatened to take away Plaintiff's ad hoc telework.

29. On December 14, 2018 Scott Jaklin accused Plaintiff of going over his head, even though Plaintiff and Jaklin were both serving in the same interview panel as equals (as so indicated by Plaintiff's second level supervisor and the selecting official, Charles Guedel

30. In December 2018 Scott Jaklin instructed Steve Welch, Plaintiff's co-worker, to report on her whereabouts and called him to ask where Plaintiff was on two different occasions.

6

31. On December 27, 2018 when Frank Mareno protested to Jaklin that he, Jaklin, cannot use employees to report on other employees, Scott Jaklin stated: "Well I have someone watching her [Plaintiff] anyways at the Command Management Office Milwaukee (CMO) ."

32. In December 2018 Scott Jaklin commented that Kristen Kurek was getting too skinny.

33. On January 4, 2019 at the Milwaukee CMO in complainant's office, Scott Jaklin graphically talked about his friend's "bent dick disease" and how his friend had pain during intercourse. He even attempted to show Plaintiff a picture of the "bent dick" until she vigorously declined.

34. Between May 2014 to February 2019 Scott Jaklin stared at Plaintiff's breasts and buttocks, forcing her to wear loose fitting clothes to hide her features.

35. On March 1, 2019 Scott Jaklin required Plaintiff to provide specific times on her Defense Agencies Initiative time card for her union duties.

36. On March 8, 2019 Scott Jaklin denied Plaintiff's request for fitness time.

37. On March 11, 2019 Scott Jaklin did not offer Plaintiff an alternate date to take the Nondestructive Test Visual Inspection training course although allowed a male employee the opportunity for an alternate date for the same course.

    a. James Hewitt witnessed this.

38. On April 30, 2019 Charles Guedel informed Plaintiff that Plaintiff was not interviewed for the investigation regarding her allegations of sexual harassment she raised against Scott Jaklin because she had filed an EEO complaint.

7

39. The sexually hostile work environment created by the first level supervisor Scott Jaklin, as described above, and his discriminatory and retaliatory actions, as described above, have aggravated Plaintiff's PTSD and caused her to aquire a new diagnosis: Occupational Stress Disorder (OSD).

*Other Similarly Situated Individuals*

40. In 2018 Scott Jaklin threatened Brenda Szymuszkiewicz to reassign her to another facility "because he can do whatever he wants and Chuck [Guedel] will back him up."

41. In 2018 Scott Jaklin threatened Kristin Kurek to work on his unofficial detail where he required her to work in California every other week, forcing her to commute from Arlington Heights, ILL.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

42. On April 18, 2019 and on May 2, 2019 Plaintiff filed a formal EEO complaint on the above matter, Agency No. P6-19-0031.

43. On May 15, 2019 Plaintiff amended the formal EEO complaint on the above matter.

44. On February 29, 2020 Plaintiff filed an appeal to Office of Federal Operations on the above matter, Agency No. P-19-0031.

45. On July 12, 2021 OFO issued a decision, affirming Agency's decision (OFO appeal no. 2020002947).

8

## REMEDIES and RELIEF

46. Plaintiff seek appropriate remedies, pecuniary and non-pecuniary, including but

not limited:

   a. Discontinued service early retirement.

   b. Reimbursement of 400 hours in sick leave.

   c. $300,000 in compensatory damages for deterioration of mental health, consortium loss relief, loss of enjoyment of life.


## NO JURY DEMAND

47. The Plaintiff herein hereby a bench decision on all issues in this action.


WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment in his

favor and against the Defendant.

Respectfully Submitted,

Kasey R. Mareno

/s/
Kasey R. Mareno
4120 S Lake Dr. #455
Saint Francis, WI 53235
kaseymareno@gmail.com

9